IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| ALLEN DAVIS, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| vs. ) | Case No.: 5:25-CV-00054-LCB |
| ) | |
| THE YOUNG MEN'S CHRISTIAN ) | |
| ASSOCIATION OF METROPOLITAN ) | |
| HUNTSVILLE, ALABAMA ) | |
| ) | |
| Appellee. ) | |

# MEMORANDUM OPINION & ORDER

On August 23, 2024, the Appellee filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. As a part of that proceeding, the Bankruptcy Court granted the Appellee's motion to sell a certain piece of real property at auction. On January 3, 2025, the Appellee sold the property at auction to an individual named Shannon Provence. The Bankruptcy Court approved the sale on January 7, 2025, and the parties closed the next day. On January 8, 2025, the Appellant, Allen Davis, filed a pro se notice of appeal to this Court. Mr. Davis was an unsuccessful bidder at the auction.[1] The record reflects that, since Mr. Davis filed his notice of appeal, he has taken no further action in this case. Accordingly, the Appellee has moved to dismiss the appeal. (Doc. 7).

---

[1] While it has no bearing on the disposition of this motion, the Appellee asserts that Mr. Davis is not one of its creditors. Therefore, it says, he is not even a "party in interest" entitled to contest the sale of the property. (Doc. 7), citing *In re Karpe*, 84 B.R. 926 (Bankr. M.D. Pa. 1988).

Federal Rule of Bankruptcy Procedure 8009(a) provides an appellant must file with the bankruptcy clerk and serve on appellee a designation of the items to be included in the record on appeal and a statement of issues to be presented within 14 days after appellant's notice of appeal becomes effective. Mr. Davis did not comply with this requirement, nor did he request an extension of time in which to comply.

Further, Mr. Davis failed to comply with FED. R. BANKR. P. 8018(a)(1), which provides that "[t]he appellant must serve and file a brief within 30 days after the docketing of notice that the record has been sent or that it is available electronically." The Court entered a briefing notice on February 19, 2025, informing Mr. Davis that the appeal had been docketed and that the "filing of briefs and appendices is governed by Bankruptcy Rule 8018." (Doc. 5). Therefore, Mr. Davis's brief was due 30 days later on March 21, 2025. However, he has failed to file a brief or request an extension of time in which to do so.

Bankruptcy Rule 8018(a)(4) provides that "[i]f an appellant fails to file a brief on time or within an extended time authorized under (a)(3), the district court or BAP may—on its own after notice or on the appellee's motion—dismiss the appeal." Given Mr. Davis's failure to file his brief—or anything else since initiating this case for that matter—the Appellee filed the present motion to dismiss his appeal. The Court entered an order on April 4, 2025, stating that Mr. Davis "shall file a response to the [Appellee's] motion to dismiss on or before April 25, 2025." (Doc. 8). Mr. Davis did not file a response or request an extension.

The failure to file a brief is "'a non-jurisdictional defect in the prosecution of [an] appeal,' and such defect does not require dismissal in every case." *In re Beverly Mfg. Corp.*, 778 F.2d 666, 667 (11th Cir. 1985) (alteration in original). The Court looks to whether there is "bad faith, negligence or indifference" to determine whether dismissal is appropriate for failure to file a brief. *Id.*; *see also, In re Mohorne*, 718 F. App'x 934, 935 (11th Cir. 2018) (recognizing a "flexible standard requiring bad faith, negligence or indifference" before dismissal).

While the Court is required to liberally construe the pleadings of a pro se litigant, Mr. Davis's pro se status "does not excuse [him] from [his] duty to abide by procedural rules." *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). The Court is not persuaded that, under the facts of this case, Davis acted with due care to comply with the applicable rules. Given Davis's complete failure to comply with multiple deadlines in this case, the Court concludes that he has demonstrated either negligence or indifference, or both. *See In re Brewer*, 442 F. App'x 430, 435 (11th Cir. 2011); *Lawrence v. Educational Credit Mgmt. Corp.*, 522 F. App'x 836, 839-40 (11th Cir. 2013). Accordingly, the Appellee's motion to dismiss (Doc. 7) is **GRANTED**, and it is **ORDERED** that this appeal is **DISMISSED**.

A separate, final judgment will be entered.

**DONE** and **ORDERED** May 22, 2025.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE